I conclude that Tinsley was an agent of the State of Alabama, not of Tuscaloosa County, and that he is entitled to sovereign immunity. Ala. Const. 1901, Art. I, § 14. I agree with the majority that the Tuscaloosa County Commission is responsible for hiring Tinsley, establishing his salary, and paying his salary; however, I cannot conclude that these facts are sufficient to make him an agent of the county. The present case arose out of Tinsley's efforts to collect a business license tax pursuant to Ala. Code 1975, § 40-12-1 through -3. The record reveals that the business license tax Tinsley was collecting is both a state tax and a county tax. Section 40-12-2(f) states:
 "Any action to recover the amount due for any license, whether levied solely for state purposes or for state and county purposes, shall be instituted by the State of Alabama and may include all penalties and fees due by any person, in addition to the amount due for such license and interest thereon. The amount recovered in any such actions shall be paid to the State Department of Revenue, and if any portion of said license was levied for county purposes, such portion shall be remitted to the county in which such license was payable, and the department may from the amount of any penalties or fee thus recovered remit the amount, if any, due to the judge of probate, commissioner of licenses, or license inspector."
(Emphasis added.)
In order to determine whether an individual is protected from suit on the basis of *Page 1279 
sovereign immunity, the court will "consider such factors as the nature of the action and the relief sought." Phillips v.Thomas, 555 So.2d 81, 83 (Ala. 1989). The statute unambiguously states that it is the State of Alabama, not the county, that enforces the license statute, even if, as in this case, the tax is a combination state and county tax. Therefore, Tinsley was acting as a state officer, not a county officer, as he attempted to enforce the statute.
A state officer is not immune from suit if he acts "willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law." Id. It is undisputed that Henderson did not violate the business license statutes; however, Tinsley's office made a mistake in not removing Henderson's name from the list of individuals who were required to renew their business licenses. I conclude that that mistake does not rise to the level of willful or malicious conduct so as to remove sovereign immunity; therefore, I must respectfully dissent.
YATES, J., concurs.